Bret Knewtson, OSB 033553
3000 NW Stucki PL STE 230-M
Hillsboro OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com
(Attorney to be noticed)

Young Walgenkim, OSB 124900
Hanson & Walgenkim, LLC
838 Commercial St NE
Salem, OR 97301
Office: 503-383-1496
Fax: 503-766-6477
          Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| ANNETTE CAMPISTA,<br>          Plaintiff,<br><br>vs.<br><br>CREDITORS FINANCIAL GROUP LLC.,<br>          Defendant | Case No.: 3:13-cv-640<br><br>COMPLAINT<br>Violation of 15 USC § 1692 (FDCPA)<br>Public Disclosure of Private Facts<br>Intrusion on Seclusion<br><br>Jury Trial Requested |

## PRELIMINARY STATEMENT

1.      This is an action for money damages brought by a consumer pursuant to the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive,

deceptive and unfair debt collection practices and other tort claims.

2.      Plaintiff's claims arise from Defendant's attempts to collect a debt in Oregon through the

means and instrumentalities of interstate commerce and the mails.

**JURISDICTION**

3.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

4.      Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions

occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

5.      Plaintiff Annette Campista is a natural person who resides in Washington County and the

State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant Creditors Financial Group, LLC. (hereinafter "CFG") is a limited liability

company organized under New York law, and does business in Oregon. Defendant CFG's

principal place of business is located at 3131 S. Vaughn Way, STE 110 Aurora Colorado

80014. CFG has elected CT Corporation System as its Oregon registered agent, located at

388 State ST STE 420 Salem Oregon 97301.

**ALLEGATIONS**

7.      The statute of limitations in this case is tolled pursuant to 11 USC Sect 108a, by plaintiff's

chapter 13 bankruptcy case, District of Oregon Case 11-34809-rld13, filed on May 31st,

2011. A portion of the proceeds received by plaintiff are ordered by the bankruptcy court to

be paid to her creditors.

8.      Plaintiff incurred a credit card debt with Bank of America. The credit card was used to

purchase goods and services for personal, family, and household purposes.

9.      Defendant uses the instrumentality of interstate commerce or the mails in a business the

principal purpose of which is the collection of debts. CFG was hired by Bank of America or

by some related entity acting on behalf and within its scope of employment by Bank of America, such as FIA Card Services to collect the debt after plaintiff was unable to make payments on the debt. With an opportunity for discovery, plaintiff reasonably believes that plaintiff can establish that defendant was provided with plaintiff's contact information by the entity that hired defendant to collect the defaulted debt and that that contact information was accurate.

10.     Defendant uses the instrumentality of interstate commerce to regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due others.

11.     An employee of CFG, acting within the scope of her employment with CFG and attempting to collect the debt, called plaintiff's home phone and her cell phone on May 3rd, 2011. The CFG employee left a message on the home phone and cell phone answering systems, identifying herself as Lakesha, and asking plaintiff to call her back at 1 (877) 803-7060. At the time the message was left by Lakesha on Plaintiff's cell phone the answering message clearly informed any caller that they had reached Annette Campista. At the time Lakesha left a message on Plaintiff's home answering machine the answering machine message clearly stated that callers had reached the "Campistas."

12.     Lakesha then immediately proceeded to call Tracy and Carmen Smith, a neighbor of plaintiff. Lakesha left a message on the Smith's phone asking Annette Campista to call her back at 1(877) 803-7060 re #7839949. Carmen Smith then called Lakesha back and spoke to her telling Lakesha that she had reached the wrong number. During the course of that call it was revealed to Carmen Smith that the call regarded a debt that was being collected by defendant. Lakesha told her that it was very important that Smith let plaintiff know that

Lakesha had called and asked Smith to have plaintiff call Lakesha back at the phone number, 1 (877) 803-7060. The Smith's relayed this message to plaintiff.

13.    Lakesha did not ask the Smiths for plaintiff's location or contact information. She did not state that she was confirming or correcting location information concerning the consumer. The sole purpose of the call was to embarrass, harass and humiliate plaintiff and cause her emotional distress by creating a circumstance that would likely, and did, reveal the existence of the defaulted debt to a neighbor. With an opportunity for discovery plaintiff reasonably believes she can establish that CFG instructs its employees and agents in collection tactics that involve unlawful contact of third parties.

14.    On the same day, Lakesha or an employee of CFG, also called plaintiff's brother, Alex Campista on his home phone and his cell phone, and his wife's cell phone.

15.    On the same day, Lakesha or an employee of CFG also called plaintiff's mother and stepfather at her mother's house and left a message asking for plaintiff to call her back.

16.    On the same day, Lakesha or an employee of CFG also called at least eight other unknown neighbors of plaintiff according to a representative of CFG whom plaintiff spoke to. The representative claimed to be a manager or vice president of CFG.

17.    Defendant's contact of plaintiff's neighbor and the alleged contact of other neighbors disturbed plaintiff and caused anxiety, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

**FIRST CLAIM FOR RELIEF – Fair Debt Collection Practices Act**

18.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

19.    The attempt to collect the debt by contacting a neighbor, when the debt collector has accurate contact information, is a prohibited communication practice and a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c(b).

20.    Contacting anyone other than the debtor is and not disclosing the debt collector's identity or state that the debt collector is confirming or correcting location information is a violation of 15 U.S.C. §§ 1692b(1).

21.    Calling a neighbor to convey a message to the plaintiff is a violation of 15 U.S.C. §§ 1692c(b).

22.    Calling a neighbor and asking the neighbors to convey an important message to the plaintiff, thereby creating a circumstance that likely would reveal or did reveal the existence of the debt to third parties is a violation of 15 U.S.C. §§ 1692d, e, e(7), e(10), and f.

23.    In the alternative if the manager, who stated that eight other neighbors had been called, lied to plaintiff about the calls then such a communication would violate 15 U.S.C. §§ 1692d, d(2), e, e(10), and f.

24.    As a result of Defendant's violation of the FDCPA, Plaintiff has statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

25.    Actual damages for emotional distress pursuant to 15 U.S.C. § 1692k(a)(1).

26.    Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from defendant.

**SECOND CLAIM FOR RELIEF, Public Disclosure of Private Facts**

27.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

28.     Defendant or its employee contacted a large number of Plaintiff's neighbors and disclosed private facts about Plaintiff's debts.

29.     During the phone calls Defendant or its employee's phone made highly objectionable or offensive disclosures, announcing to Plaintiff's neighbors that Plaintiff owes unpaid debts.

30.     Calling the neighbors of plaintiff for the purpose of informing the neighbors that plaintiff owes a debt and asking the neighbors to convey a message that was likely to reveal the existence of the debt to third parties was Defendant's calculated plan meant to embarrass and humiliate plaintiff.

31.     As a result of Defendant's public disclosure of Plaintiff's private facts, Plaintiff suffered anxiety, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

32.     Plaintiff is entitled to punitive damages as a result of Defendant's intentional and malicious public disclosure of private facts.

**THIRD CLAIM FOR RELIEF, Intrusion Upon Seclusion**

33.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein

34.     Defendant or its employee intruded upon Plaintiff's private affairs or concerns by making direct phone calls to at least eight of Plaintiff's neighbors to inform them that Plaintiff owes debts to Defendant or to create a circumstance in which the existence of the debt was likely to be revealed to the neighbors.

35.     Defendant's intrusion upon Plaintiff's private affairs was intentional.

36.     Defendant's action of calling neighbors of debtors for the purpose of informing the neighbors of debtor's debt was highly offensive to a reasonable person.

37.     As a result of Defendant's intrusion upon Plaintiff's private affairs, Plaintiff suffered anxiety, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

38.     Plaintiff is entitled to punitive damages as a result of Defendant's intentional intrusion upon Plaintiff's private affairs.

**WHEREFORE**, Plaintiff prays that judgment be entered against defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1) and claims two and three.

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

- for an award of punitive damages to be determined by jury.

Dated this April 14, 2013

/s/ Bret Knewtson

Bret Knewtson, OSB 03355