IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANNETTE CAMPISTA**, | Case No. 3:13-cv-00640-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| **CREDITORS FINANCIAL GROUP LLC.**, | |
| Defendant. | |

Bret Knewtson, Bret Knewtson, Esq., 3000 N.W. Stucki Place, Suite 230-M, Hillsboro, OR 97124 and Young Walgenkim, Hanson & Walgenkim, LLC, 838 Commercial Street NE, Salem, OR 97301. Attorneys for Plaintiff.

Jeffrey I. Hasson, Davenport & Hasson, LLP, 12707 N.E. Halsey Street, Portland, OR, 97230. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff moves for an award of $13,080 in attorney's fees and $421.32 in costs. Dkt. 27. Defendant objects that the bill of costs was not in the proper format and not properly verified and that the attorney's fees requested includes attorney time that was not reasonable, an unreasonable requested hourly rate for attorney Bret Knewtson, and insufficient verification. The Court finds that the requested costs and attorney's fees and expenses are reasonable.

PAGE 1 – OPINION AND ORDER

## DISCUSSION

### A. Legal Standards

Plaintiff brought this action under the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA provides that any debt collector who fails to comply with its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). As the United States Court of Appeals for the Ninth Circuit has acknowledged, "[t]he FDCPA's statutory language makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). A district court's disposition of a motion for attorney's fees must "provide a reasonably specific explanation for all aspects of a fee determination" in order to allow for "adequate appellate review." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010).

The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Id.* at 551-52. This is because the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case, is readily administrable, and is objective. *Id.* Additionally, one purpose of the federal fee-shifting statutes is to ensure that prevailing plaintiffs' counsel receive a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Id.* at 552. The lodestar method of calculating attorney's fees yields a fee that is presumptively sufficient to achieve this objective. *Id.* Although the lodestar calculation results in a presumptively reasonable fee, this fee may be adjusted in certain circumstances. *Id.*

The lodestar amount is the product of the number of hours reasonably spent on the litigation[1] times a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). In making this calculation, the district court should take into consideration various reasonableness factors, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 434). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez*, 729 F.3d at 1202.

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprise the reasonable number of hours used in calculating the lodestar amount. For this purpose, the "'prevailing market rates in the relevant community' set the reasonable hourly rates." *Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). "'Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits.'" *Id.* (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)). Within this geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Id.*

---

[1] It is "well established that time spent in preparing fee applications" is also compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013) (quoting *Anderson v. Director, OWCP*, 91 F.3d 1322, 1325 (9th Cir. 1996) (quotation marks omitted)).

PAGE 3 – OPINION AND ORDER

In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In addition, courts in the District of Oregon have the benefit of several reliable billing rate surveys. One useful survey is the Oregon State Bar 2012 Economic Survey ("OSB 2012 Survey"), which contains data on attorney billing rates based on type of practice, geographic area of practice, and years of practice. A copy of the OSB 2012 Survey is available at http://www.osbar.org/_docs/resources/Econsurveys/12EconomicSurvey.pdf (last visited on November 18, 2013).

There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552. A district court may, however, adjust the lodestar amount in "rare" and "exceptional" cases, such as when a particular factor bearing on the reasonableness of the attorney's fee is not adequately taken into account in the lodestar calculation.[2] *See Perdue*, 559 U.S. at 552-54 (finding that, in certain circumstances, the superior performance of counsel may not be adequately accounted for in the lodestar calculation); *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988) (finding that although in

---

[2] Factors that may be relevant to the reasonableness of a fee include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation, and the ability of the attorneys; (9) the 'undesirability' of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Based on subsequent case law, a twelfth factor identified in *Kerr*, the fixed or contingent nature of the fee, is no longer a valid factor to consider in determining reasonable attorney's fees. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 n.7 (9th Cir. 2011).

PAGE 4 – OPINION AND ORDER

ordinary cases the "results obtained" factor is deemed adequately accounted for in the lodestar calculation, it may serve as a basis to adjust the lodestar when "an attorney's *reasonable* expenditure of time on a case [is not] commensurate with the fees to which he [or she] is entitled").

## B. Analysis

Defendant objects to the fee petition on both technical and substantive grounds.

### 1. Technical objections

Defendant argues that the fee petition should be denied or reduced significantly because Plaintiff's counsel failed properly to confer and the time records submitted by Plaintiff's counsel are inadmissible hearsay. Defendant further argues that Plaintiff's cost bill should be denied because Plaintiff failed to follow the proper procedures for submitting a cost bill. The Court has considered these arguments and finds them unavailing.

Plaintiff's counsel called Defendant's counsel three times on October 10, 2013, to confer on the motion. October 10, 2013 was 14 days from the date the acceptance of offer of judgment was filed, and it appears that Plaintiff's counsel believed it was the deadline for filing the fee petition. Defendant's counsel had not yet returned Plaintiff's counsel's call, and Plaintiff's counsel filed the motion on October 10, 2013, before conferring. Although it may have been more prudent for Plaintiff's counsel to attempt to confer earlier than the day Plaintiff's counsel believed the motion had to be filed, Plaintiff's counsel did attempt to confer and the Court will not deny the fee motion for lack of conferral. With respect to the deficiencies Defendant contends exist with Plaintiff's cost bill and submission of time records supporting the fee petition, whatever defects there may have been were cured by the supplemental declarations of Plaintiffs' counsel.

### 2. Substantive objections

For its substantive objections to Plaintiff's fee petition, Defendant argues that the requested hourly rate for Mr. Knewtson is too high and that the hours spent by Plaintiff's counsel are unreasonable.

#### a. Hourly rate requested for Mr. Knewtson

The Court finds that the requested hourly rate of $300 for Mr. Knewtson is reasonable. Mr. Knewtson has considerable and specialized experienced in consumer debt litigation and he obtained a good result in this case. His requested hourly rate is comparable to previous hourly rates he has obtained for fee petitions. Several years ago Mr. Knewtson obtained fee awards with an hourly rate of $275 in state trial and appellate courts and in this court. After obtaining those fee awards, not only has Mr. Knewtson gained additional litigation experience, he has more leadership and teaching experience in the field of secured debt and consumer debt defense.

Additionally, the OSB 2012 Survey supports Mr. Knewtson's requested hourly rate. The Court considers the Portland rates. The average hourly rate for an attorney with Mr. Knewtson's years of experience is $280, and the 75th percentile rate is $300. The average hourly rate for a plaintiff's civil litigation attorney is $266 and the 75th percentile rate is $300. Given Mr. Knewtson's level of expertise in his field, the 75th percentile rate is appropriate. The 2012 OSB Survey and the hourly rates previously awarded to Mr. Knewtson are sufficient evidence to support the requested hourly rate. *See United Steelworkers*, 896 F.2d at 407.

#### b. Hours spent

Defendant objects to various categories of hours spent by Plaintiff's counsel in this case as unreasonable. First, Defendant argues that fees for defending against Defendant's motion to dismiss should not be allowed because if Plaintiff had filed the case within the statute of limitations, not considering any tolling, Defendant would not have needed to file the motion. The

PAGE 6 – OPINION AND ORDER

Court rejects this argument. If Defendant had considered the tolling of the statute of limitations and realized the Court would deny Defendant's motion to dismiss, then no motion would have been filed and Plaintiff would not have incurred the time spent defending against Defendant's motion. Defendant chose to file a motion to dismiss and Plaintiff successfully defended against that motion. The time spent was reasonable.

Second, Defendant argues that attorney's fees should not be granted for time spent relating to discovery because the parties were negotiating a settlement and discovery could have been avoided if Plaintiff had negotiated the settlement in good faith. This argument also is unavailing. Parties have the right to engage in discovery while settlement negotiations are ongoing. Indeed, information gained through discovery may assist the parties in reaching a fair settlement. Additionally, based on the Court's review of the parties' settlement correspondence submitted by Defendant, there is no evidence that Plaintiff failed to negotiate in good faith. Plaintiff did not accept Defendant's settlement offer of $5,000 and Defendant did not accept Plaintiff's settlement demand of $20,000, so Plaintiff continued pursuing her litigation. Plaintiff ultimately accepted an offer of judgment of $10,000 plus costs and attorney's fees. Thus, Defendant raised its offer, which may have been, in part, a result of Plaintiff's continued litigation of her claims. No evidence was submitted in this case showing that Plaintiff's litigation of her claims or settlement negotiations were in bad faith.

Third, Defendant objects to the requested 11.5 hours for opening the file, researching potential claims, and drafting the Complaint, arguing that preparing the Complaint in this matter should have taken no more than 1.5 hours. The Court disagrees and finds that the time spent was reasonable, given the potential claims researched and the claims ultimately brought by Plaintiff.

Fourth, Defendant objects to Plaintiff's counsel seeking attorney's fees for 2.2 hours (cut in half from 4.4 hours) for an unfiled motion to make some Defendant's affirmative defenses more definite and certain, arguing that no time should have been spent on a such a motion because settlement negotiations were ongoing. Again, parties have a right to litigate their cases during settlement negotiations. The Court finds that the requested hours are reasonable, particularly in light of the fact that Plaintiff's counsel reduced the time spent in researching and preparing the motion by half.

Finally, Defendant objects to the 0.5 hours requested for Mr. Knewtson to review his time in preparing the fee petition. The Court finds that this time is reasonable. Time spent preparing fee petitions is compensable. *See Gonzalez*, 729 F.3d at 1210. Reviewing time is part of this process, to ensure, among other things, that time entries comply with the requirements for fee petitions (such as no block billing) and to consider whether time should be reduced (such as Plaintiff's counsel did here in reducing the requested compensation for the unfiled motion).

The Court has reviewed the fee petition and its supporting documents and has considered the quality of the performance by Plaintiff's counsel, the results obtained, the novelty and complexity of this case, and the special skill and experience of counsel. Based on these considerations, the Court finds that the requested hourly rates and the hours spent are reasonable, including the requested time spent to respond to Defendant's objections to the fee petition. Accordingly, the Court calculates the lodestar as follows:

  Mr. Knewtson: 33.8 hours x $300.00 per hour = $10,140

  Mr. Walgenkim: 16.8 hours x $175.00 per hour[3] = $2,940

Thus, the total lodestar amount is $13,080.

---

[3] Defendant did not object to Mr. Walgenkim's hourly rate, and the Court finds it to be reasonable.

PAGE 8 – OPINION AND ORDER

The Court also has considered the facts and circumstances of this case and does not find that it is a rare or exceptional case requiring an adjustment to the lodestar. The relevant reasonableness factors were adequately taken into account in calculating the lodestar.

### 3. Cost Bill

Plaintiff submitted an itemized list of costs totaling $421.32. Dkt. 27-1, at 6. Plaintiff includes $1.32 in postage to mail discovery requests. This is not taxable as a "cost" under 28 U.S.C. § 1920. *See, e.g.*, *Grove v. Wells Fargo Finan. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010). It may, however, be a recoverable expense under 15 U.S.C. § 1692k(a)(3). *See, e.g.*, *id.* at 580-82 (noting that federal fee-shifting statutes allow recovery for out-of-pocket expenses incurred by an attorney that would normally be charged to a fee paying client). *Grove* interpreted the Fair Credit Reporting Act, which has fee-shifting language identical to that of the FDCPA, as allowing such out-of-pocket expenses to be recovered through the fee-shifting statute, even though it is not recoverable through the cost bill. The Court finds that the FDCPA similarly allows for such recovery. Thus, $1.32 of the costs requested by Plaintiff are recoverable as attorney expenses, and not costs, resulting in $420 of taxable costs.

## CONCLUSION

Plaintiff's motion for attorney's fees and costs (Dkt. 27) is GRANTED. Plaintiff is awarded $420 in costs, and Plaintiff's counsel is awarded $13,081.32 in attorney's fees and expenses.

**IT IS SO ORDERED**.

DATED this 13th day of January 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge